## BILL BROWDER v. STATE.

No. A-2451.  Opinion Filed March 4, 1916.

(155 Pac. 198.)

1 **APPEAL—Weight of Evidence—Reversal.** The credibility of witnesses and the weight and value to be given their testimony is a question solely for the jury's determination; and, to reverse a judgment on the ground that the verdict is contrary to law and the evidence, this court must find as a matter of law that the evidence is insufficient to warrant the conviction.

2. **INTOXICATING LIQUORS—Unlawful Conveying—Sufficiency of Evidence.** In a prosecution for the unlawful conveyance of intoxicating liquor, the evidence considered and **held** sufficient to sustain the conviction.

*Appeal from County Court, Stephens County;*
*J. W. Marshall, Judge.*

Bill Browder, convicted of a violation of the prohibitory law, appeals. Affirmed.

*J. B. Wilkinson,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J.   On information filed in the County Court of Stephens county, charging that he did unlawfully convey intoxicating liquor, the plaintiff in error, Bill Browder, was tried and found guilty and was sentenced to be confined in the county jail for sixty days and to pay a fine of two hundred dollars.

From the judgment rendered on the 18th day of February, 1915, he appealed by filing in this court on May 4, 1915, a petition in error with case-made.

The one question presented by the record in this case which we are asked to review, is the sufficiency of the evidence to sustain the conviction.

The sheriff and two other officers, as witnesses for the state testified that they saw the defendant driving from his home and

followed him and just before they overtook him saw him break a bottle of alcohol over the wheel of his buggy, that they picked up two broken bottles that had contained alcohol while they were following him.

The defendant as a witness in his own behalf denied that he was conveying the alcohol or that he broke the bottles.

Another witness testified that he was with the defendant in his buggy on the occasion of his arrest; and that he did not see any bottles thrown out of the buggy before they met the sheriff.

After a careful examination of the evidence in this case we are not prepared to say that the jury were not warranted in finding the verdict returned by them. The credibility of witnesses and the weight and value to be given to their testimony was a question solely for the jury's determination, and to reverse the judgment on the ground that the verdict is contrary to law and to the evidence this court must find as a matter of law that the evidence is insufficient to warrant the conviction.

We find nothing in the record indicating improper motive or passion or prejudice on the part of the jury, and the court fully and fairly covered the law of the case in a charge to which no objection was made nor exception taken. It follows that the judgment must be and the same is hereby affirmed.

FURMAN and ARMSTRONG, JJ., concur.